The Honorable, the United States Court of Appeals for the First Circuit is now in session. All persons having any business before this Honorable Court may give their attendance and they shall be heard. God save the United States of America and this Honorable Court. Court is in session. Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is United States v. Kimberly Kitts, Appeal Number 19-1325. Attorney Shevitz, please introduce yourself on the record and proceed with your argument. Good morning. I'm Vivian Shevitz. I represent Kimberly Kitts on this appeal. It is our contention this is one of the very few cases on which this court can and should rule that appellant defendant received ineffective assistance of counsel. Ms. Shevitz, as you well know, this is, never mind, proceed, but there's a bit of an uphill battle in the absence of an evidentiary record on this issue. Yes, it usually is the case that this court and other appellate courts have refused, declined to rule that on record an attorney is ineffective, but it is our position here that it is clear on the record that this person, the person who represented Kimberly Kitts, who was not a defense lawyer, did no more... Are you sure about that? Because, let me just tell you why I say that. You talked about his website, so I took the opportunity to go to his website and it does represent what you say it represents, but there's also some indication that he may have been a public defender before at a different website, and so that's the problem with not having a thorough record here, because we just don't know what his background set is. Well, Judge, regardless of what his background is, his performance was as if he were a potted plant, and during the plea, he allowed his client to plead guilty and not understand the terms of the two-year... Judge Chavez, do you understand the risk your client is running by urging us to decide this issue in a direct appeal? Your client may well be in worse shape than if there are further proceedings where the evidentiary record can be developed, just as Judge Thompson has suggested. Have you, in fact, discussed with your client the risk that your line of argument poses? Well, the risk, I suppose... No, the question is, have you discussed with your client? Yes. The risk cannot be any worse than the position she finds herself in now, but the point being... That's not true, though, is it? Because if we take it up on direct and rule against you, then you're going to be closed in a collateral proceeding. Well, I've asked him the alternative, that the case be remanded for development of the record, and the problem here that I've seen... Excuse me, Judge Lopez, go ahead. I just want to say, the problem, perhaps another problem, counsel, is that in arguing ineffective assistance of counsel, you have focused really almost exclusively on the performance element. You have said nary a word about the prejudice element, and here... I think there may be one line in all of your briefing which suggests that your client would now like the opportunity to withdraw her plea of guilty and go forward with a trial, but that's, I think, for some of the reasons my colleagues are suggesting, that seems highly unlikely, but in any event, that is part of the showing you have to make. Even to get us to remand for the trial court to consider an ineffective assistance of counsel claim, you have to convince us that there's prejudice here as well, and you've made no attempt to do that. It's all performance, performance, performance. Nothing about prejudice. Well, on the issue of the plea, I think that the record shows that the court did not explain to Ms. Kitts that there was necessarily going to be a consecutive two-year term. Now, if that is not explained... Counsel, as to that, the government says, in essence, you've made a misrepresentation of the record. There are at least six instances in the transcript throughout the proceedings in which your client was, in fact, advised that this was an on or after sentence, that it was a consecutive sentence. So, before you proceed on that, you better address the fact that the transcript does not support your claim. The transcript does not support the prosecutor's claim that Ms. Kitts was advised that this was a consecutive sentence. The judge very frequently used the term on or after. The judge also used the term consecutive. So, is your argument that your client, college-educated, would not have understood on and after meant consecutive, or consecutive did not mean on or after? There was no place in the transcript where the judge said consecutive. When describing the offense... Okay, so your argument has to be that when the judge uses the phrase on or after, that that is an inadequate explanation of the term consecutive. Is that correct? Well, yes, it's inadequate. To tell you the truth, I've been practicing for 40 years in the criminal appeals, and I did not ever hear the term on and after before reading it in this record. So, yes, I did not know that term myself. I used the term consecutive, and with a client, I would definitely use the term consecutive. At one point in describing the charge, the judge uses the term not concurrent, but in making sure somebody understands the charge, the nature of the charge, and the sentence that is going to be imposed, this judge did not do it. And there, in my view, is inadequate evidence on the record that the lawyer knew enough to advise the client. Excuse me. There is inadequate evidence on the record, and you are pursuing an ineffective assistance of counsel claim in the face of a representation to us that there is no record as to what defense counsel, in fact, advised the client. And your client at sentencing did say that she had been advised of the consequences, including the sentencing range, by her counsel. Yes, and the Supreme Court has said that the statement about satisfaction with counsel is really not to be credited because what's important is what happened. I think the sentencing represents... Well, you don't know what happened. You're right. I don't know what happened. I'm an appeals lawyer. I was appointed by this court to represent Ms. Kitts after appeal, and all I know is what's on the record. That's all I know. So, although I have spoken to my client, and I know what she says, too, which is why I've asked for, alternatively, for the court to remand for the development of the record... We don't normally remand. You are free to bring a habeas petition. We don't normally remand. You could have brought a habeas petition. Instead, you've chosen to do a direct appeal. Why would we remand? Judge, I was appointed by this court to do the appeal. We understand that. I'm asking you, as appellate counsel, the basis for your assertion that we should remand when you may independently bring a habeas proceeding. Well, if you're telling me that I would be appointed, CJA, to represent Ms. Kitts to put a habeas petition... Counsel, could you... You're avoiding the question. No, I'm not avoiding the question. What is the case law saying, under these circumstances, we are obligated to remand? There is nothing that says you are obligated to. But in Massaro, the Supreme Court said that you can handle ineffective assistance of counsel cases in three different ways. You can either decide it on the record, which is not often, or you can dismiss it for a 2255, or you can remand to develop a record. Now, that is what I've asked it for, because in 2255s, and again, I've been doing this for a long time, there is no right to counsel. So, many clients that I've seen have had problems and have had an ineffective assistance of counsel claim, and have gone back to the district court, and have brought a 2255, and have asked for counsel, and they are not given counsel in the district court. And that is really the only reason why I have suggested that in this case, because especially during the sentencing, the lack of preparation, the lack of participating in the sentencing proceeding in any way that assisted his client, is so obvious that in developing the record in the district court, in a 2255, Ms. Kitts should have counsel. That's really my sole position here. She should have counsel, whether it's to develop the record in the district court, or whether it's to... Ms. Chavez, first of all, we appreciate the fact that you have accepted this case, and yes, our case law says that we can do this. But it would be helpful if you could better address Judge Lopez's question to you, so we can understand the prejudice that you are alleging here. The prejudice is hard to say when there's no counsel. And that's why some of these cases say that when there's no counsel whatsoever, prejudice has to be presumed. Counsel, with all due respect, this is not close to that kind of situation. I do understand your argument for ineffective assistance of counsel, but to argue that this is tantamount to a no-counsel situation seems to me, with all due respect, an implausible argument. I mean, I understand why you would like to make it such, but that just doesn't seem like a plausible argument. Well, the sentencing proceeding, I suggest, prejudice is that nobody presented Ms. Kitt's position for 3553 factors. Nobody developed a record. Mr. Batson, the defense lawyer, didn't submit a sentencing memo. He didn't hand up letters from people who knew her and would have very good things to say. I don't know how we can say that it didn't prejudice the client, the defendant, when nothing was done to mitigate the sentence at all. That's the position that I have. Perhaps the plea, even if the plea is valid, the sentencing, there was no advocacy whatsoever. And I've never seen a case like that, frankly, which is why I suggest that on appeal, the court can take cognizance of the fact that nothing was done in mitigation. And yes, the prosecutor says, well, what are you going to show for prejudice? But the fact is, you know, in every case, somebody's convicted and they're sentenced, and you can say, well, what difference does a defense lawyer make anyway? But I suggest that a defense lawyer who does his or her job and presents mitigating circumstances would be able to show things that I've shown in the appellate brief for sentencing purposes. Are you representing that your client now wishes an opportunity to withdraw her plea? Is that what you were telling us? Not really. She would like at least a new sentencing. So she could, I don't know that she would want to withdraw her plea. She did not move to withdraw her plea. She knows that she did something wrong. Her position is that she would like the chance to show the court that she shouldn't be punished like this. That's really what it is. I brought on this appeal the fact that the judge never told her about all the add-on time. And once again, I'm sorry, but I never heard of on and after time myself. Maybe it's something used here. And I don't know. But it's not in the District of Massachusetts. I don't usually practice in the District of Massachusetts. So I don't know who uses what terms there. But what I'm familiar with, nobody's ever used that term for consecutive time. But Ms. Sitz does... Counsel, didn't the government use the phrase consecutive several times over in describing the size of the closure? Not that I've seen. All right, we'll check the transcript. I lost your audio, Judge Lynch. We will check the transcript. Okay. I believe that at least a remand for a new sentencing proceeding should be had where counsel can actually advocate for the client. What's the prejudice? The prejudice is 3553. And the likelihood, the probability that the court did not consider all the 3553 factors, letters from other people who knew Ms. Kitts, because they weren't presented. Arguments weren't presented. Nothing was presented. And I think you have to say the prejudice is like the Supreme Court cases on plain air, that there's a problem with the sentencing at least here because the defense position just was not presented. Anything else? I think not. But I think a defense lawyer has to be more than a potted plant. And that we've passed the farce and mockery standard. And I don't think you can even say that this was a reasonably, a reasonable defense presentation on sentencing. And I believe that the case should be remanded at least for resentencing with counsel. Thank you. We'll hear from the government. Thank you, Attorney Shabbat. Please mute your audio and video at this time. And Attorney Bloom, please introduce yourself on the record. Good morning, Your Honor. Sarah Bloom on behalf of the United States. May it please the court, I would suggest that in the reply brief for the first time, defense counsel raises the argument under chronic that there was a complete lack of counsel below, and therefore the prejudice need not be shown. This argument fails for at least three reasons. It was waived because it wasn't raised in the opening brief. It is unripe because it was not developed in the record. And in fact, it is without merit. Because I would argue that the record below actually demonstrates that counsel was effective and was vigorous in defending his client in his own way. And in fact, successful in not only having her enter a plea, which got her acceptance of responsibility credit. But in advocating for based upon her personal characteristics in more than 10 pages of the transcript, a reduction in her guideline range and received a substantial variance in which Judge Casper noted the very factors that had been presented by the defense counsel. Ms. Kitt's personal history, her substance abuse issues, her issues with her first husband and abuse, her issues with a abusive boyfriend, her medical history, the fact that she was a sole caretaker of her mother, that her mother had serious medical issues. All of this was argued at length by her counsel, in addition to her genuine remorse, was considered by the judge and resulted in a reduction to something like a seven-year sentence from a guideline range of 102 to 121 months with acceptance. Without acceptance, she would have been in a guideline range of 11 to 13 years. With respect to your question about what was said in the record below, in fact, Ms. Kitt's was informed in various forms repeatedly about the nature of the on and after or not concurrent time. During the plea hearing, the court asked the government to state the maximal penalties and the government said that there would be a mandatory term of incarceration of two years, which shall not be concurrent with any other term of imprisonment imposed upon any other provision of law. The consecutive nature was mentioned in the arraignment. The on and after language was used by the judge at the sentencing and it was also stated twice in the plea PSR that it would be concurrent. So I think the record is crystal clear on that point. I mean, I understand your point. I guess we have said it's okay for the court to ask the government to explain the sentencing consequences and then the court can ask the defendant, did they hear and understand? But that's really not the best practice, is it? Isn't that really should be the judge's responsibility to explain the plea consequences of the defendant rather than relying on the prosecution to do it? Would you agree with that? No, I wouldn't agree with it. It is, in fact, the standard procedure to have the government state the maximum penalties and then the court reviewed those with the defendant here and went over them. In addition, the fact that the court said it had the authority to impose those, there is always the possibility of a 5K motion. So even though it is a mandatory on and after, it would not even be correct for the court to say that it is necessary, that there's no possibility that it could be anything else, because there is another possibility, a possibility that was in discussion in this case of cooperation and a 5K, although that did not come to fruition. So I think that what the court said here in explaining the mandatory was accurate. And so both the defendant was informed by the government at arraignment, by the court's request to the government at sentencing, and then the court went further and reviewed those and explained those to the defendant. And I would argue that all of that was no error, let alone in error, and certainly no prejudice has been shown. And therefore, there is no basis for remand. Ms. Bloom, it was also contained in the PSR, correct? And there was no objection ever stated to that? That is correct, Your Honor, in two places in the PSR. Counsel, did the defense counsel ever submit a sentencing memorandum on behalf of his client? I had the impression that one was not filed. He gave some papers to the court at the time of sentencing, and the court said, I'll need to take a little time to look at this. But was there a sentencing memorandum submitted on behalf of the defendant after the PSR had been prepared? No, Your Honor. There was some somewhat lengthy, I believe, or short objections to the PSR, but there was no sentencing memo. What registered for the first time at sentencing itself? Is that what happened? No, the objections were filed to the draft PSR. PSR issued, no sentencing memorandum was filed, and then at the sentencing, the counsel offered, and the court received some medical records, some letters on behalf of the defendant, and the counsel made an extensive argument. In addition, the PSR actually laid out extensively the mitigating factors for the defendant. There seems to be a dispute about these letters. Defense counsel says that the former counsel did not present letters, and you say that that's inaccurate. Maybe I can clarify that. I think what defense counsel means is that they weren't filed before the sentencing, and it didn't seem to be a plan. There was a discussion during the sentencing. The defense counsel mentioned that he had some letters, and the court indicated that she would take the letters and did take the letters, but they were not filed in the ordinary course before the sentencing, but I don't think there's a dispute that in the end, the court did receive the letters, did consider them, and reflected that the court considered them in the sentence, in coming to the sentence, and they were indeed also referenced by defense counsel that one of the letters talked about Ms. Kitz's care of her mother and how she had been there to care for her mother at a critical moment. Counsel, are you aware, I gather from what appellant's counsel said that the real focus seems to be not on problems with the Rule 11 proceeding, the change of plea. The focus seems to be more here at oral argument on the sentencing itself, and the prejudice that she cites is the failure to get effective representation at the sentencing proceeding, and she wants an opportunity to do it again. Are you aware of cases where that kind of prejudice has been shown as a basis for getting new counsel? I did not get the kind of effective representation at sentencing that I should get, and hence I should get a redo. Don't want to withdraw the plea. I just want a second shot at sentencing. Are you aware of any case law that acknowledges that kind of prejudice? Your Honor, I am not. At least I can't think of anything, but I think if you go to the Strickland Standard, it sort of addresses what the issues are here, which is because that is, at least on this record, it is actually clear that a lot of advocacy occurred. It may not be the most conventional advocacy, but the Strickland Standard requires, first of all, that the advocacy be outside of a reasonable range of professional choices, and I think one could argue here that actually this counsel was quite effective in his genuine concern for his client in his very non-traditional manner, was able to show a remorseful client, a true concern for his client, and to hit all of the important 3553A factors in his argument, and so in this record, it is hard to see how you could possibly meet either the argument that this was simply ineffective, that met the standard for outside the reasonable professional performance, let alone to show prejudice where the information was there before the judge, it was argued before the judge, and the judge specifically noted on the record that she considered all of those factors and actually here varied downward to a significant degree to Ms. Kitt's benefit in a very serious case where there were victims who were compelling and harmed, and nonetheless, the judge varied downward. Yeah, I think if the focus was just on the sentencing, the kind of prejudice you would have to show would be the probability of a different sentencing outcome. I mean, I guess that would be the relevant prejudice, and I think you're saying that that seems highly unlikely given all the arguments that were made, and I guess you think that she actually, given what could have been the sentence here, she didn't do too badly. I guess that's your point. That's exactly the point, and she, in fact, she showed genuine remorse. It is, I think one could argue that the strategy that defense counsel followed here with a client who was in so much trouble and had so, was to show remorse, to show, try to explain, create some sympathy for her, which I think he did quite effectively, and again, without a developed record, and on a full record, it may be less evident than it was in the room, but I think one also knows that a judge takes into account the totality of those facts as Judge Casper did here in accepting the letters, even if they hadn't been filed, and considering them, and making sure that the judge came to a fair sentence based on the actual facts of this person, which were truly presented in that courtroom, so I just don't think this record allows a finding of ineffective assistance at the sentencing, and in fact, one might argue that it demonstrates effectiveness by the very fact that there was a significant downward variance. Are there further questions? No. If there's nothing further, we rest on our feet. Thank you. Thank you. That concludes argument in this case. Attorney Shevitz and Attorney Blum, you should disconnect from the hearing at this time.